UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ANDREA LEE SANDERS,<br><br>Plaintiff,<br><br>v.<br><br>HENNEPIN COUNTY/HUMAN SERVICE AND PUBLIC HEALTH DEPARTMENT CHILD SUPPORT; DENVER HUMAN SERVICES OF CHILD SUPPORT ENFORCEMENT; and MISSISSIPPI DEPARTMENT OF HUMAN SERVICES,<br><br>Defendants. | Case No. 18-CV-1138 (DWF/DTS)<br><br>**REPORT AND RECOMMENDATION** |

For years plaintiff Andrea Lee Sanders has been entangled in a child-support dispute that has spanned multiple rounds of litigation and involved enforcement agencies in three states. The latest salvo in that battle was fired by Sanders in the Minnesota state courts, where he filed an eight-count complaint against Hennepin County (Minnesota), Denver Human Services (Colorado), and the Mississippi Department of Human Services, seeking in essence to discharge his child-support obligations and the collateral consequences of previously having failed to meet those obligations. *See* ECF No. 1-1. The action was dismissed on March 9, 2018, partly on the basis of the res judicata doctrine and partly because Sanders had failed to state a claim on which relief may be granted. *See* ECF No. 3 at 41-49. More than a month after that dismissal, Sanders filed a notice of removal in this Court purporting to remove the terminated case to this venue.

1

The notice is plainly improper.  First, Sanders was the plaintiff (or, as he styled it, petitioner) in the state-court lawsuit; only a *defendant* may remove an action from state court to federal court.  *See* 28 U.S.C. § 1441(a).  Second, the time for removal of this lawsuit long ago passed.  *See* 28 U.S.C. § 1446(b).  Sanders simply cannot remove this case to federal court.

In truth, though, what Sanders seems to seek is not so much *removal* of the now-terminated state-court action, but either an *appeal* of the dismissal to this Court or, alternatively, an independent lawsuit brought on largely or entirely the same grounds as the state-court lawsuit.  Both would be equally impermissible.  Regarding any attempted appeal, the *Rooker-Feldman*[1] doctrine "deprives federal courts of jurisdiction in 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting [federal] district court review and rejection of those judgments.'"  *Banks v. Slay*, 789 F.3d 919, 922 (8th Cir. 2015) (quoting *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005)).  Put plainly, a litigant may not appeal a non-habeas action from state court to federal district court.  Regarding any attempt at reviving an independent lawsuit resting on the same grounds as the state lawsuit, the effort is squarely foreclosed by the doctrine of res judicata.  *See Yankton Sioux Tribe v. U.S. Dep't of Health and Human Services*, 533 F.3d 634, 639-40 (8th Cir. 2008) (outlining elements of res judicata).  And to the extent that Sanders attempts to bring claims in his amended

---

[1] *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923).

complaint [ECF No. 5] that could not have been raised in previous litigation against the defendants, this Court cannot discern a non-frivolous basis for relief pleaded by Sanders.

All of these would be reasons to dismiss an independent action filed by Sanders in this District. Because this action commenced with a notice of removal rather than an independent pleading, however, it is recommended that the action be remanded to state court, where the putatively removed lawsuit has already been dismissed.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT this matter be REMANDED to Hennepin County District Court, Fourth Judicial District, State of Minnesota.

Dated: July 27, 2018          *s/ David T. Schultz*
                              David T. Schultz
                              United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).